**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SAMUEL C. MCGEE                )
                               )
    Plaintiff,             )
v.                             )
                               )   Civil Action No. 1:07-cv-02310 (RMU)
DISTRICT OF COLUMBIA           )
                               )
    Defendant.             )
_____)

## DISTRICT OF COLUMBIA'S ANSWER

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

As to each of the numbered paragraphs of the Complaint, the District specifically answers as follows:

1.    The allegations in paragraph 1 are the legal conclusions of and by the pleader to which no response is required. To the extent a response is required the District admits that it is a municipal corporation. As to all other allegations in paragraph 1, the District specifically denies the allegations and demands proof thereof.

2.    Defendant is unable to admit or deny the allegations in paragraph 2 of the complaint. To the extent a response is required, the EEOC complaint and the settlement agreement between the parties speak for themselves.

3.    Paragraph 3 is denied.

4.    Paragraph 4 is denied.

5.    Paragraph 5 is denied.

## Third Defense

If Plaintiff was damaged as alleged in the Complaint, said damages resulted from Plaintiff's own willful conduct.

## Fourth Defense

If Plaintiff was damaged as alleged in the Complaint, said damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk.

## Fifth Defense

If Plaintiff was damaged as alleged in the Complaint, said damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents or servants acting within the scope of their employment.

## Sixth Defense

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment met or exceeded the applicable standard of care.

## Seventh Defense

Plaintiff failed to fully comply with the mandatory notice requirements of D.C. Code § 12-309 (1981).

## Eighth Defense

Plaintiff has failed to mitigate any damages that he may have incurred.

## Ninth Defense

Plaintiff may have failed to meet the applicable statute of limitations.

## Tenth Defense

This Court lacks subject matter jurisdiction over this action because this action is barred by the doctrine of sovereign immunity and/or charitable immunity.

Eleventh Defense

Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

Twelfth Defense

Plaintiff would have been subjected to the alleged employment actions even if he had not engaged in alleged protected activity.

Thirteenth Defense

Any actions taken toward the plaintiff by the District and the employees and/or agents of the District acting within the scope of their employment, were only such actions as were reasonable, lawful, and based on legitimate, non-discriminatory reasons.

Fourteenth Defense

If the employees and/or agents of the District of Columbia acting within the scope of their employment, engaged in acts as alleged in the complaint, said acts were done in good faith and with the reasonable belief that those acts were lawful under the circumstances.

Fifteenth Defense

The District reserves the right to amend this Answer to the Complaint and to raise any additional defenses which the evidence in discovery may reveal.

Set-off

The District asserts a set-off for all funds and services provided to Plaintiff through Medicare, Medicaid, public assistance or other sources.

**WHEREFORE**, the District demands that the Complaint be dismissed and that it be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

**Jury Demand**

Defendants hereby demand a trial by jury on all issues so triable.

>Respectfully submitted,
>
>PETER J. NICKELS
>Interim Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>/S/  Kimberly M. Johnson
>KIMBERLY M. JOHNSON [435163]
>Chief, Civil Litigation Sec. I
>
>/S/   Darrell Chambers
>DARRELL CHAMBERS[1]
>Assistant Attorney General
>441 4TH Street, NW, Suite 600 South
>Washington, D.C.  20001
>202-724-6539
>darrell.chambers@dc.gov

**CERTIFICATE OF SERVICE**

This certifies that on the 21st day of February, 2008, a true and correct copy of the foregoing Answer was sent electronically to:

Sol Z. Rosen, Esquire
2501 Calvert Street, N.W.
Suite #212
Washington, D.C. 20008
Attorney for Plaintiff

>/S/   Darrell Chambers
>DARRELL CHAMBERS

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney.