# THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF COLUMBIA

Samuel C. McGee    )
7707 Argonaut Street.   )
Severn, MD 21144    )
     Plaintiff,  )
   v.     )  Case No. 1:07-cv-02310 (RMU)
        )
***District of Columbia***   )
        )
    Defendants. )

## AMENDED COMPLAINT

NOW COMES Detective Samuel McGee, hereinafter "Det. McGee" or "Plaintiff" with an amended complaint of employment discrimination.

## PARTIES

1. Det. McGee is an African American member of the District of Columbia Metropolitan Police Department.

2. The District of Columbia is a municipal corporation that is the employer of the plaintiff and the employer of agents identified herein that retaliated against Det. McGee.

## JURISDICTION

3. First and Fifth Amendments to the U.S. Constitution, as guaranteed by the Due Process Clause of the Fifth Amendment to the United States Constitution, Title 42 U.S.C. § 1981, Title 42 U.S.C. § 1983, Federal Supplemental Jurisdiction.

4. Title VII of the Civil Rights Act of 1964, as amended Title 42 U.S.C. 2000 (e), et seq., First Amendment United States Constitution as protected by the due process and equal protection clause of the Fifth Amendment to the United States Constitution.  The acts of discrimination took place in the District of Columbia and

venue is proper in this Court. The plaintiff received a right to sue letter based upon his complaint and this lawsuit is timely. A copy of the right to sue letter was filed with the complaint and is incorporated herein by reference as if filed herewith.

## FACTS

5.    September 19, 2004, Lt. Jeffrey Parker took over as Commander, Third District Detective Unit. On or about January 25, 2005, Det. McGee was a party to an employment discrimination complaint filed against Lt. Parker by Detective Giardino (Giardino, et al. v. District of Columbia, Case No. 1:06-cv-00469-JMF). The EEOC Charge No. 100 2005-00702, was settled via mediation on May 10, 2005. This settlement constituted a contract between Officer McGee and the District of Columbia Metropolitan Police Department enforceable by this Court.

6.    Prior to filing his EEOC complaint, Detective McGee passed the Sergeant's Test, was selected for promotion to Sergeant, and was identified on as a list of selectees to be promoted to Sergeant. A clause of the settlement agreement included a provision of a ban on the defendant and its agents *from* engaging in any form of retaliatory conduct directed toward the plaintiff. The complaint was dismissed as settled.

7.    Subsequent to settlement, employees and agents of the District of Columbia commenced a continuing pattern of retaliation directed against the plaintiff because of his participation in the protected activity. Det. McGee was not promoted to Sergeant and as of this filing has not been promoted. Other acts of retaliation include:

a.    On August 11, 2005 - Internal Affairs investigation of false statements about Det. McGee involving Det. Jeffrey Smith (PD119). On August 21, 2005 Det.

2

McGee received written counseling in the form of a PD From 62E for not making a detailed account of what occurred in WACCIIS.  This complaint was never investigated by IAD and Det. McGee was never contacted with a disposition of the case.

      b.      On August 28, 2005 - Lt. Parker questioned Det. McGee about an investigation involving creditors of Sgt. Mary Lanauze.  Det. McGee had to write a PD119 and answer accusations that he talked to one of her creditors alleging violation of her privacy interest.

      c.      November 3, 2005 -  Lt. Parker attempted to persuade Lt. Sledge to file a complaint against Det. McGee concerning a dog bite incident at a 7-11 in Mount Pleasant Street, NW.

      d.      November 29, 2005 – Lt. Parker reprimanded Det. McGee for backing up Det. Giardino when the latter was required to go to Alexandria, Virginia to interview a complainant.  Det. McGee followed procedure in backing up Det. Giardino because of the security concern.

      e.      On Friday, May 5, 2006 - Det. McGee received an e-mail Det. Brian Devine re-assigning Det. McGee from the Criminal Career Unit (CCU) to SDD/3-D effective Sunday, May 7, 2006.  This notification of re-assignment violated MPD/FOP Labor Contract articles 4, 6, 9, 12, 14, 20, 25 and MPD General Order 201-09.

      f.      On June 27, 2008 – Det. McGee reported to work per the posted work schedule only to be told by Sgt. Juan Davila and Lt. WIlfredo Manlapaz that he failed to report to the proper work schedule.  Det. McGee was reprimanded by Sgt. Davila and Lt. Manlapaz causing him to seek counseling and therapy from MEAP and the Police and Firefighter's Clinic.   Det. McGee was diagnosed with Depression Anxiety.  Chief

Durham investigated the incident and assured Det. McGee that IS numbers were drawn and the incident of false statements by Lt. Manlapaz would be investigated.

      g.     On July 11, 2008 - Det. McGee completed a request for advanced sick leave. The paperwork did not make it to personnel until August 6, 2008.

      8.     Blacks Law Dictionary defines "Government" as "the structure of principles and rules determining how a state or organization is regulated." *Seventh Edition* (703). DCMPD has disregarded the "structure and principles" of the Police Department in an unrelenting effort to target certain career officers for harassment or elimination.

      9.     That a government would bring its awesome power to bear against its citizens and more so against its employees in clear violation of the laws that government is charged to enforce shocks the conscience of the reasonable man, and warrants severe rebuke by the court. Because the defendant has refused after NOTICE to correct the ill treatment of Detective McGee, he alleges the following causes of action:

**COUNT I**
**(D.C. Code § 1-615.51 et seq.)**

      10.     Incorporating paragraphs 1- 9 as if stated herein, Det. McGee alleges that agents of the District of Columbia Metropolitan Police Department initiated an adverse action against him in retaliation for his speaking out in support of fellow police officers complaining of discriminatory treatment in the workplace.

      11.     As a direct result of his support for fellow officers, Det. McGee was DENIED promotion to Sergeant, and made to suffer the workplace harassment by Lt. Parker.

      12.     The Denial of promotion, transfer from his prior workplace to a new

4

assignment constitutes a contributing factor to Det. McGee's allegation of retaliation.

13.    Det. McGee seeks compensatory damages in the amount of $10,000,000 and punitive damages in the amount of $10,000,000, attorney's fees[1] and cost.

## COUNT II
### (Breach of Contract)

14.    Incorporating paragraphs 1- 13 as if stated herein, the District of Columbia Metropolitan Police Department had a duty to Det. McGee by way of the terms of the EEOC settlement agreement to refrain from retaliatory acts for his having filed the EEO complaint.

15.    The District of Columbia Metropolitan Police Department breached the settlement agreement by retaliating against Det. McGee, transferring him from his workplace, and by refusing to promote him after he had been selected for promotion to sergeant.

16.    Det. McGee seeks compensatory damages in the amount of $10,000,000 and punitive damages in the amount of $10,000,000, attorney's fees and cost.

## COUNT III
### (Breach of Contract)

17.    Incorporating paragraphs 1- 16 as if stated herein, the District of Columbia Metropolitan Police Department had a duty to Det. McGee by way of the terms of employment to provide him every employment opportunity to be fairly considered for promotion, to be promoted to those positions for which he qualified, and to avoid being harassed or otherwise targeted for retaliation treatment.

---

[1] Attorney's fees constitute 35% of any judgment or settlement.

18.     The District of Columbia Metropolitan Police Department breached its duty to

Det. McGee by way of its agents, Lt. Parker, Sgt. Davila, and Lt. Manlapaz who acted

for the purpose of retaliating against Det. McGee.

19.     Prior to filing his EEO complaint, Det. McGee was selected for promotion,

placed on a promotion list.  After filing his EEO complaint, Det. McGee was not

promoted and that failure to promote constitutes retaliation as that term is defined under

D.C. Code § 1-615.51 et seq., and Title 42 U.S.C. 2000 (e), et seq.

20.     Det. McGee seeks compensatory damages in the amount of $10,000,000

and punitive damages in the amount of $10,000,000, attorney's fees and cost.

## COUNT IV
### (Title 42 U.S.C. 2000 (e), et seq.)

21.     Incorporating paragraphs 1- 20 as if stated herein, Det. McGee alleges that

Agents of the District of Columbia Metropolitan Police Department retaliated against him

for his exercising his right as a citizen and duty as a shop steward to complain of  the

discrimination against fellow officers (protected activity) by denying him promotion,

transferring him from his workplace, and by subjecting him to a hostile work

environment.

22.     Det. McGee was adversely affected in the terms and conditions of

employment, experienced emotional distress an anxiety as the direct consequence of

being victimized by retaliatory acts directed against him because of his participation in a

protected activity.

23.     The treatment of Det. McGee intended to intimidate and did in fact

intimidate other police officers observing how the District of Columbia Police

Department reacted to his filing an EEO complaint deterring them from exercising their

6

right to file an EEO complaint.

24.     Det. McGee seeks compensatory damages in the amount of $10,000,000
and punitive damages in the amount of $10,000,000, attorney's fees and cost.

**COUNT V**
**Title 42 U.S.C. § 1983**
**(First Amendment)**

25.     Incorporating paragraphs 1- 24 as if stated herein, Detective McGee
alleges that agents of the District of Columbia Metropolitan Police Department violated
his right to be free from retaliatory acts for the exercise of his First Amendment Rights
and his right to be free from discrimination.

26.     The defendant did so by refusing to follow through on the EEOC Settlement
reached with Detective McGee, by refusing to promote him to Sergeant, by refusing to
pay him for leave to which he was entitled, by refusing to process leave request
associated with work place injuries, and by harassing him in the workplace.

27.     The agents of the District of Columbia knew or should have known that their
actions violated Detective McGee's rights as those rights are protected by the United
States Constitution, yet knowingly and willfully violated those rights causing the plaintiffs
physical, emotional harm, loss of pay, and leave, and said conduct also adversely
impacting his conditions of employment.

27.     WHEREFORE, Detective McGee seeks compensatory damages in the
amount of $100,000,000, punitive damages, attorney's fees, and cost.

**COUNT VI**
**(Intentional Infliction of Emotions Distress)**

28.     Incorporating paragraphs 1- 27 as if stated herein, agents of the District of
Columbia Metropolitan Police Department acted in a manner to cause severe emotional

7

distress to Detective McGee and did cause severe emotion distress to Detective McGee by harassing him in the workplace, by refusing to promote him although he was on a promotion list to be promoted, by refusing to timely process his sick leave for workplace injuries, and by acts of harassment amounting to a hostile work environment.

29.    The defendant's conduct directed at Detective McGee was willful, intentional, and done with malice and aforethought intended to cause harm and severe emotional distress to Detective McGee and which did cause harm and severe emotional distress to Detective McGee.

30.    Detective McGee has been made to suffer in his professional reputation, his standing amongst superiors, peers, and subordinates, negating his professional good name and reputation acquired over a distinguished career with District of Columbia Metropolitan Police Officer.

28.    WHEREFORE, Detective McGee seeks compensatory damages in the amount of $100,000,000, punitive damages, attorney's fees, and cost.

Respectfully Submitted,

/s/
E. Scott Frison, Jr., Esq.
Bar No. 478092
Law Firm of E. Scott Frison, Jr.
1629 K. Street, NW Suite 300
Washington, DC 20036
240-398-9283
frisonlaw@aol.com,

### JURY TRIAL

Plaintiff requests a jury trial on all counts.

/s/
E. Scott Frison, Jr., Esq.

8