**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| SAMUEL MCGEE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-2310 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 18 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND
### DISMISSING THE PLAINTIFF'S COMPLAINT *SUA SPONTE* BASED ON RES JUDICATA

### I. INTRODUCTION

This matter is before the court on the plaintiff's motion for leave to amend the complaint. The plaintiff seeks to supplement the Title VII claims asserted in his original complaint with claims for violation of the D.C. Whistleblower Act, D.C. Code §§ 1-615.51 *et seq.*, breach of contract and intentional infliction of emotional distress ("IIED"). The plaintiff also seeks to supplement the Title VII claims asserted in his original complaint with additional allegations of discrimination and retaliation.

The defendant asserts that leave to amend should be denied because the claims that the plaintiff seeks to add have no possibility of success. The court agrees. Accordingly, the court denies the plaintiff's motion for leave to amend the complaint to assert the Whistleblower, breach of contract and IIED claims.

As for the plaintiff's Title VII claims, the plaintiff previously asserted identical claims in a complaint brought before another court in this district. Because that court dismissed the

complaint, this court denies leave to amend with respect to the plaintiff's Title VII claims and dismisses his original complaint *sua sponte* on res judicata grounds.[1]

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, an African American male, is a detective with the District of Columbia Metropolitan Police Department ("MPD"). Pl.'s Mot. at 1; Pl.'s Reply at 1. He alleges that on or about January 25, 2005, he assisted police officers who had participated in an employment discrimination lawsuit filed against the District of Columbia in January 2005.[2] Am. Compl. ¶ 5. The EEOC action was settled via mediation on May 10, 2005, pursuant to an agreement that forbade the defendant from retaliating against the plaintiff. *Id.*

The plaintiff asserts that after he participated in the EEOC action, the defendant "commenced a continuing pattern of retaliation" against him. *Id.* ¶ 6. The alleged acts of retaliation include failing to promote the plaintiff to the rank of Sergeant even though he had passed the Sergeant's Test and had been selected for promotion, lodging unwarranted allegations of misconduct against him and reassigning him to another position in violation of the applicable collective bargaining agreement.[3] *Id.* ¶¶ 6, 7(a)-(g). The plaintiff alleges that as a result of his negative experiences at work, he has received counseling and therapy and has been diagnosed with depression anxiety. *Id.* ¶ 7(f).

---

[1] Although the plaintiff sought to add the United States as a defendant to the action, Am. Compl. ¶ 3, on July 21, 2009, the plaintiff filed a consent motion seeking to remove the United States as a defendant. *See generally* Pl.'s Second Mot. to Amend. Because none of the claims in the proposed amended complaint would survive a motion to dismiss, whether the United States is a proper party defendant is irrelevant.

[2] Although the plaintiff claims that he "was a party to" the lawsuit that arose from these conflicts, Am. Compl. ¶ 5, he is not listed as a plaintiff in any of the pleadings or opinions related to that case, *see generally Giardino v. District of Columbia*, 252 F.R.D. 18 (D.D.C. 2008).

[3] All but two of the alleged acts of retaliation occurred prior to 2007. *See* Am. Compl. ¶¶ 5-7(g). The alleged retaliatory acts that took place after 2007 involve a reprimand issued against the plaintiff on June 27, 2008 and the failure to timely process a request for sick leave submitted on July 11, 2008. *Id.* ¶ 7(f)-(g).

The plaintiff filed a complaint in this district on April 19, 2006, alleging unlawful race discrimination and retaliation under Title VII, docketed as Civil Action No. 06-0705.  Compl., *McGee v. District of Columbia*, 2006 WL 2598264 (D.D.C. Sept. 11, 2006) (No. 06-0705).  On September 11, 2006, that complaint was dismissed by Judge Richard J. Leon on the grounds that the plaintiff had failed to exhaust his administrative remedies.  *McGee*, 2006 WL 2598264, at *1-2.

On December 21, 2007, the plaintiff commenced this action by filing a complaint identical to the one dismissed by Judge Leon, still without the required letter from the EEOC.  Compl.  Because the plaintiff failed to indicate to the Clerk of the Court that his complaint was related to a previous action in the district, the complaint came before this court, which was not alerted to the existence and previous dismissal of Civil Action No. 06-0705.  *See* Compl., Attach. 1 (Civil Cover Sheet).

The defendant answered the complaint on February 21, 2008.  After obtaining new counsel in October 2008, *see* Pl.'s Reply at 2, on October 24, 2008, the plaintiff notified Mayor Adrian Fenty by letter of his grievances against the District of Columbia, *see* Pl.'s Reply, Ex. B ("Fenty Letter") at 4.  The letter expressed the plaintiff's intention to amend his complaint if the matter could not be resolved within 30 days.  *Id.*  The mayor did not respond, and the plaintiff filed a motion for leave to amend the complaint on December 8, 2008.  Pl.'s Reply at 2.  After the motion was stricken for failing to comply with Local Civil Rule 7(i),[4] the plaintiff filed the instant motion for leave to amend on December 15, 2008.

---

[4]  Local Civil Rule 7(i) requires that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."  *Banks v. Kramer*, 603 F. Supp. 2d 3, 6 (D.D.C. 2009).

### III. ANALYSIS

### A.  The Court Denies the Plaintiff's Motion for Leave to Amend the Complaint

#### 1.  Legal Standard for Granting Leave to Amend a Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served.  FED. R. CIV. P. 15(a).  Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.[5]  *Id.*; *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474.  According to decisions of this circuit, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss.  *James v. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing Fed. R. Civ. P. 15(a)).  If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.  6 FED. PRAC. & PROC. 2d § 1481.  Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15.  *James*, 229 F.3d at 283; *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

---

[5]  A motion to amend a complaint to add a party may also implicate Federal Rules of Civil Procedure 20 and 21, which govern joinder.  *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000).  Once a responsive pleading has been served, however, the standard for adding a party is the same regardless of the rule under which the motion is made: the decision lies within the discretion of the court.  *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994) (stating that "[i]t is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21"); *Oneida Indian Nation*, 199 F.R.D. at 72 (noting that "in practical terms there is little difference between [Rules 15, 20, and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion"); 6 FED. PRAC. & PROC. 2d § 1474 (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

A court considering a motion to amend a complaint should evaluate the amendment's effect on judicial resources and the judicial system. 3 FED. PRAC. § 5.15[1]; *see also Childers v. Mineta*, 205 F.R.D. 29, 33 (D.D.C. 2001) (concluding that granting leave to amend and thereby combining two civil actions would promote judicial economy).

Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 FED. PRAC. 3d § 15.15[3]); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of

leave to amend given the "little chance" that plaintiff would succeed on his claim); *Moldea v. N.Y. Times Co.*, 22 F.3d 310, 319 (D.C. Cir. 1994) (holding that the district court properly denied leave to amend because "the amended Complaint could not withstand a motion to dismiss, and so would be futile").

### 2.  The Plaintiff's Whistleblower and Tort Claims

#### a.  Legal Standard for D.C. Code § 12-309

D.C. Code § 12-309 provides that "[a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage." D.C. CODE § 12-309.  Courts agree that this statute requires plaintiffs to provide the statutory notice *before* filing a complaint.  *See Parker v. Grand Hyatt Hotel*, 124 F. Supp. 2d 79, 90 (D.D.C. 2000) (interpreting § 12-309 to provide that "[b]efore filing a lawsuit against the District of Columbia for unliquidated damages, a claimant must file notice with the mayor within six months of the alleged injury"); *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990) (holding that "[t]he explicit requirement of the statute that 'the claimant . . . has given notice in writing,' expressed in the perfect tense, makes it plain that notice must have been given before suit") (internal citations omitted); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981) (holding that "notice under § 12-309 is a 'condition precedent' to filing a suit against the District") (citing *Wilson v. District of Columbia*, 338 A.2d 437, 438 (D.C. 1975)).

6

### b. The Court Denies the Plaintiff's Motion for Leave to Amend with Respect to the Whistleblower and IIED Claims Because the Plaintiff did not Comply with § 12-309

The defendant asserts that the plaintiff's D.C. Whistleblower Act and IIED claims are barred because the plaintiff did not satisfy the notice requirement set forth in D.C. Code § 12-309.[6]  Def.'s Opp'n at 4.  The plaintiff counters that § 12-309 does not apply to his claims because he is not seeking unliquidated damages and that, at any rate, he provided the necessary notice to the mayor.  Pl.'s Reply at 3-7.

Although the plaintiff contends that § 12-309 does not apply to his whistleblower claim, *id.* at 5-7, the D.C. Whistleblower Act explicitly requires plaintiffs to comply with the notice requirement of § 12-309, D.C. CODE § 1-615.54(a) (providing that "[a] civil action brought pursuant to this section shall comply with the notice requirements of § 12-309").  This Circuit has held that this provision mandates statutory notice for all claims brought under the D.C. Whistleblower Act, regardless of whether they seek unliquidated damages, because otherwise the language in the Whistleblower Act would be "redundant with section 12-309, which already applies its notice requirements to *any* claim for unliquidated damages in the District."  *Winder v. Erste*, 566 F.3d 209, 213-14 (D.C. Cir. 2009) (affirming the dismissal of the plaintiff's claim for back pay and an injunction under the D.C. Whistleblower Act for failure to comply with the notice requirement of § 12-309) (internal citations omitted).  The plaintiff, therefore, is incorrect when he asserts that § 12-309 does not apply to his whistleblower claim.

It is equally clear that the notice requirement of § 12-309 applies to the plaintiff's IIED claims.  *See Kirkland v. District of Columbia*, 70 F.3d 629, 631 (D.C. Cir. 1995) (applying the

---

[6]  The defendant also asserts that the plaintiff has failed to comply with the notice requirement of the Whistleblower Act itself, which requires that the complaint be filed "within one year after the violation occurs or within one year after the employee becomes aware of the violation." Def.'s Opp'n at 3-4 (citing D.C. CODE § 1-615.54(a)).  Because the court denies leave to add these claims based on § 12-309, the court will not address the one-year notice requirement of the D.C. Whistleblower Act.

notice requirement of § 12-309 to the plaintiff's IIED claim); *accord Barnhardt v. District of Columbia*, 601 F. Supp. 2d 324, 330-31 (D.D.C. 2009); *Chisholm v. District of Columbia*, 553 F. Supp. 2d 175, 179 (D.D.C. 2008) (noting that plaintiffs cannot recover on an IIED claim unless they fulfill the notice requirement of § 12-309) (citing *Beeton v. District of Columbia*, 779 A.2d 918, 925 (D.C. 2001)). Like the plaintiffs in the above cases, the plaintiff here fails to articulate how his damages for IIED are fixed at a certain amount. *See generally* Am. Compl.; Pl.'s Reply. Thus, the plaintiff's contention that § 12-309 does not apply to his whistleblower and tort claims lacks merit.

Nor did the plaintiff comply with § 12-309 by mailing his October 24, 2008 letter to Mayor Fenty. Section 12-309 requires plaintiffs to notify the mayor "within six months after the injury or damage was sustained." D.C. CODE § 12-309. Yet all but two of the adverse actions underlying the plaintiff's whistleblower and IIED claims occurred prior to 2007, more than a year before the letter was mailed. *See* Am. Compl. ¶¶ 5-7(g). Accordingly, the claims premised on these acts are barred for failure to timely provide the required statutory notice.

As for the two alleged acts that took place within the statutory notice period, the claims premised on these acts are barred because the plaintiff did not provide notice to the mayor until after filing his lawsuit. Although § 12-309 requires plaintiffs to notify the mayor "[b]efore filing a lawsuit against the District of Columbia," *Parker*, 124 F. Supp. 2d at 90, the plaintiff did not mail his notice letter until after he had filed his first complaint with Judge Leon and his second (identical) complaint with this court, *see* Fenty Letter. Thus, the plaintiff's proposed whistleblower and IIED claims would be barred for failure to provide the required statutory notice and would not survive a motion to dismiss. Consequently, the court denies leave to amend with respect to these claims.

### 3. The Plaintiff's Contract Claims

### a. Legal Standard for Duplication of Claims

Courts typically dismiss contract claims that duplicate contemporaneously-filed discrimination or retaliation claims. *See Anderson v. New York*, 2009 WL 1176618, at *17 (S.D.N.Y. Apr. 27, 2009) (holding that the plaintiff's breach of contract claim "is duplicative of plaintiff's . . . retaliation claim and must be dismissed"); *King v. Enterprise Leasing Co. of DFW*, 2006 WL 2005541, at *16 (N.D. Tex. July 11, 2007) (dismissing the plaintiff's breach of contract claim as "essentially a contractual overlay on, and duplicative of, her retaliation claim"); *Hamdy v. County of Niagra*, 2007 WL 295325, at *1-2 (W.D.N.Y. Jan. 20, 2007) (holding that "[b]ecause the plaintiff's breach of contract claim is duplicative of his retaliation claims and affords him no greater relief than he would get under those claims, the Court declines to exercise supplemental jurisdiction over the breach of contract claim at this juncture" because doing so "would be cumulative, a waste of time and too confusing"); *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 241 F. Supp. 2d 1123, 1147 (D. Kan. 2002) (holding that because "[the plaintiff]'s contract theory seems to be entirely duplicative of his Title VII retaliation claim . . . the court dismisses as duplicative [the plaintiff's] breach of contract claim to the extent that claim is based on the theory that the breach stemmed from defendants' alleged termination of [the plaintiff] in retaliation for engaging in activity protected under Title VII"); *see also Norment Sec. Group, Inc. v. Travelers Casualty & Ins. Co.*, 505 F. Supp. 2d 97, 103 (D.D.C. 2007) (holding that "[t]o maintain a tort claim in addition to a breach of contract claim, a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract

damages"); *accord Regency Commc'ns, Inc. v. Cleartel Commc'ns, Inc.*, 160 F. Supp. 2d 36, 42 (D.D.C. 2001).

The fact that claims in an amended complaint are based on the same legal duties or facts asserted in the original complaint is grounds for denying leave to amend. *See City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 7 (D.D.C. 2008) (holding that "[f]ailing to allege new facts or offering a duplicative amendment can be grounds for denying leave to amend"); *Wiggins v. District Cablevision, Inc.*, 853 F. Supp. 484, 499 (D.D.C. 1994) (denying the plaintiff's motion for leave to amend because, although the plaintiff asserted two new causes of action, he asserted no new material facts to support them).

### b. The Court Denies the Plaintiff's Motion for Leave to Amend with Respect to His Proposed Contract Claims Because They Duplicate His Retaliation Claims

The Amended Complaint states that the defendant breached the express terms of the EEOC settlement agreement and the implied terms of the plaintiff's employment by retaliating against the plaintiff for his participation in protected activity. Am. Compl. ¶¶ 14-20. The defendant asserts that the court should deny leave to amend with respect to these contract claims because they are duplicative of the plaintiff's Title VII claims. Def.'s Opp'n at 4. The plaintiff responds, without elaboration, that his contract claims are not duplicative. Pl.'s Reply at 5.

In his Title VII claims in the Amended Complaint, the plaintiff asserts discrimination and retaliation based on the defendant's failure to promote him, the fact that he was transferred to a new workplace and a generalized allegation of a retaliatory hostile work environment. Am. Compl. ¶¶ 21-23. The plaintiff's contemporaneously-filed contract claims are based on the same factual allegations – the failure to promote, the reassignment and a generalized retaliation claim – and breach of the same legal duty – namely, the duty to refrain from discriminating and retaliating against the plaintiff. *Id.* ¶¶ 14-20. Because the contract claims are based on the same

facts, legal duties and injuries that underlie the plaintiff's Title VII claims, the plaintiff's contract claims duplicate his Title VII claims and would be subject to dismissal. *See*, *e.g.*, *Anderson*, 2009 WL 1176618, at *17; *King*, 2006 WL 2005541, at *16. The court thus denies leave to amend with respect to the contract claims. *Foman*, 371 U.S. at 182; *James Madison*, 82 F.3d at 1099.

### B. The Court Dismisses the Plaintiff's Title VII Claims Under Res Judicata

#### 1. Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants. *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Id.* (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). In making that determination, courts look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)).

Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94). Issue preclusion applies if three criteria are met: (1) if in the prior litigation, the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court;" (2) if the prior litigation was "actually and necessarily determined by a court of competent jurisdiction;" and (3) if "preclusion in the second trial [does] not work an unfairness." *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983).

In short, "claim preclusion forecloses all that which might have been litigated previously," while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action." *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949; *Novak*, 703 F.2d at 1309. In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

Because "res judicata belongs to courts as well as to litigants," a court may invoke res judicata *sua sponte*. *Stanton*, 127 F.3d at 77; *see also Tinsley v. Equifax Credit Info. Servs., Inc.*, 1999 WL 506720, at *1 (D.C. Cir. 1999) (per curiam) (noting that a district court may apply res judicata upon taking judicial notice of the parties' previous case); *Nader v. McAuliffe*, 593 F. Supp. 2d 95, 100 (D.D.C. 2009) (holding that "a court may invoke res judicata *sua sponte*") (internal citations omitted); *Sieverding v. Am. Bar Ass'n*, 439 F. Supp. 2d 120, 123 (D.D.C. 2006) (same) (internal citations omitted).

### 2. The Court *Sua Sponte* Dismisses the Plaintiff's Title VII
### Claims on Res Judicata Grounds

It is widely accepted that a plaintiff's failure to exhaust administrative remedies in a Title VII action – specifically where the plaintiff does not obtain a valid right to sue letter – triggers res judicata in subsequent lawsuits. *Wakefield v. Cordis Corp.*, 304 Fed. Appx. 804, 805-06 (11th Cir. Dec. 22, 2008) (applying res judicata to the subsequent suit because the plaintiff's previous Title VII suit was dismissed for failure to obtain the required right to sue letter from the EEOC); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 710 (9th Cir. 2001) (dismissing the plaintiff's subsequent suit based on res judicata because he had failed to obtain the required right to sue letter from the EEOC before commencing his first suit); *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000) (applying res judicata to the plaintiff's subsequent Title VII claim where he did not raise Title VII in the previous suit because he had not received a right to sue letter from the EEOC); *accord Miller v. U.S. Postal Serv.*, 825 F.2d 62, 64 (5th Cir. 1996); *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 37 (2d Cir. 1992) (applying res judicata to the plaintiff's subsequent Title VII claim where he did not raise Title VII in the previous suit because he had not exhausted his administrative remedies with the EEOC); *Gelin v. Geithner*, 2009 WL 804144, at *7 (S.D.N.Y. Mar. 26, 2009) (applying res judicata to the plaintiff's subsequent claim alleging failure to promote where his previous Title VII claim alleging the same facts was dismissed for failure to exhaust administrative remedies with the EEOC); *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, 2004 WL 2202574, at *3 (S.D.N.Y. Sept. 30, 2004) (applying res judicata where the plaintiff had not obtained a right to sue letter from the EEOC in his previous two suits and holding that "a plaintiff awaiting exhaustion of a claim is not insulated from the operation of res judicata") (citing *Woods*, 972 F.2d at 41); *Sims-Eiland v. Detroit Bd. Of Educ.*, 173 F. Supp. 2d 682, 684 (E.D. Mich. 2001) (applying res

judicata to the plaintiff's discrimination claims because they had been previously dismissed for failure to exhaust administrative remedies with the EEOC); *Dillard v. Henderson*, 43 F. Supp. 2d 367, 368 (S.D.N.Y. 1999) (applying res judicata where the plaintiff's first claim had been dismissed for failure to exhaust administrative remedies with the EEOC).

Judge Leon dismissed the plaintiff's complaint for failing to exhaust administrative remedies because the plaintiff failed to obtain a right to sue letter from the EEOC prior to commencing that suit. *McGee*, 2006 WL 2598264, at *1-2 (holding that "the plaintiff's claims must be dismissed because he has not exhausted his administrative remedies, namely, that he has participated in the EEOC process up to the point of the issuance of an appropriate right to sue letter by the EEOC") (citing *Jones v. District of Columbia*, 273 F. Supp. 2d 61, 64 (D.D.C 2003)). The plaintiff has not alleged, in his proposed Amended Complaint or in his previous complaint, that he ever obtained a valid right to sue letter from the EEOC. *See* Compl.; Am. Compl. Thus, the court applies res judicata, denies leave to amend with respect to the plaintiff's Title VII claims and dismisses the Title VII claims asserted in the prior complaint. As a result, the court dismisses the plaintiff's complaint in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for leave to amend the complaint and dismisses the original complaint. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of August, 2009.

                                                      RICARDO M. URBINA
                                                     United States District Judge