UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMUEL MCGEE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   07-2310 (RMU) |
| | : | |
| v. | : | Re Document No.:   31 |
| | : | |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION

## I. INTRODUCTION

This matter is before the court on the plaintiff's motion for relief upon reconsideration of the order denying the plaintiff's motion for leave to amend his complaint and dismissing *sua sponte* the plaintiff's original complaint. Because the plaintiff has not offered any basis for reversing the court's prior ruling, the court denies the plaintiff's motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, an African American male, is a detective employed by the District of Columbia Metropolitan Police Department ("MPD"). *See* Compl. ¶ 1; Pl.'s Mot. for Relief Upon Recons. ("Pl.'s Mot.") at 1. In December 2007, the plaintiff commenced this action alleging that MPD subjected him to a "continuing pattern of retaliation" after he participated in an employment discrimination lawsuit against the District of Columbia. Compl. ¶¶ 1-3.

In December 2008, the plaintiff filed a motion for leave to amend his original complaint. *See generally* Pl.'s Mot. for Leave to Amend Compl. More specifically, the plaintiff sought leave to supplement the Title VII claims asserted in his original complaint with claims for

violation of the D.C. Whistleblower Act, D.C. CODE §§ 1-615.51 *et seq.*, intentional infliction of emotional distress ("IIED") and breach of contract. *See generally id.*, Ex. 1 ("Am. Compl."). The plaintiff also sought to supplement the Title VII claims asserted in his original complaint with additional allegations of wrongdoing by MPD. *See generally id.*

The court denied the plaintiff's motion for leave to amend. *See generally* Mem. Op. (Aug. 21, 2009). The court concluded that the plaintiff's proposed D.C. Whistleblower Act and IIED claims would be futile because the plaintiff had failed to comply with the mandatory notice provisions set forth in D.C. Code § 12-309. *Id.* at 6-8. The court also concluded that the plaintiff's proposed breach of contract claims would be futile because those claims were entirely duplicative of his Title VII claims. *Id.* at 9-11.

Lastly, the court *sua sponte* dismissed the Title VII claim asserted in the plaintiff's original complaint on res judicata grounds, and denied the plaintiff's motion for leave to supplement that claim with additional allegations of wrongdoing. *Id.* at 11-14. The court noted that in April 2006, the plaintiff had filed a complaint in this court identical to the one that commenced this action. *Id.* at 3. The court further noted that in September 2006 – more than a year before the plaintiff commenced this action – Judge Leon had dismissed the first complaint, concluding that the plaintiff had failed to exhaust his administrative remedies as required to sustain his Title VII claim. *Id.* (citing *McGee v. District of Columbia*, 2006 WL 2598264, at *1-2 (D.D.C. Sept. 11, 2006)). The court concluded that Judge Leon's dismissal of the action operated as a resolution on the merits and dismissed the plaintiff's complaint on res judicata grounds. *Id.* at 13-14.

The plaintiff subsequently filed this motion for relief upon reconsideration of the court's order pursuant to Federal Rule of Civil Procedure 60(b). *See generally* Pl.'s Mot. With this

motion now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

### III.  ANALYSIS

#### A.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b).  FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).  First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was excusable.  *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence.  FED. R. CIV. P. 60(b)(2).  Third, the court may set aside a final judgment for fraud, misrepresentation or other misconduct by an adverse party.  *Id.* 60(b)(3); *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957).  Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (internal citations omitted).  Fourth, the court may grant relief in cases in which the judgment is "void."  FED. R. CIV. P. 60(b)(4).  A judgment may be void if the court lacked personal or subject matter jurisdiction in the case, acted in a manner inconsistent with due process or proceeded beyond the powers granted to it by law.  *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999).  Fifth, the court may grant relief if the "the judgment has been satisfied, released,

or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  FED. R. CIV. P. 60(b)(5); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)(5)).  Sixth, the court may grant relief from a judgment for "any . . . reason that justifies [such] relief."  FED. R. CIV. P. 60(b)(6).  Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances."  *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue.  FED. R. CIV. P. 60(c)(1).  A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time.  *Id*.  The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief.  *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### B.  The Plaintiff's Proposed D.C. Whistleblower Act and IIED Claims

As previously noted, the court held that the plaintiff's proposed D.C. Whistleblower Act and IIED claims would be futile because the plaintiff had not complied with the notice requirements of D.C. Code § 12-309.[1]  Mem. Op. (Aug. 21, 2009) at 6-8.  In so holding, the court rejected the plaintiff's argument that § 12-309 did not apply to the plaintiff's whistleblower and IIED claims against the District.  *Id.* at 7-8.

---

[1]     D.C. Code § 12-309 provides that

> [a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. CODE § 12-309.

The plaintiff now contends that the court erred in reaching this conclusion, asserting that whether § 12-309 applies to his whistleblower and IIED claims presents a question of fact inappropriate for resolution at that stage of the proceedings.[2]  Pl.'s Mot. at 4-5.  Yet, it is well established that courts may resolve challenges based on the plaintiff's failure to comply with § 12-309 at the pleading stage.  *See, e.g.*, *Winder v. Erste*, 566 F.3d 209, 213-14 (D.C. Cir. 2009) (affirming the district court's dismissal of the plaintiff's D.C. Whistleblower Act claims under Rule 12(b)(6) based on the plaintiff's failure to comply with § 12-309); *Martin v. District of Columbia*, 2010 WL 2628711, at *4 (D.D.C. Jul. 1, 2010) (granting the District's motion to dismiss the plaintiff's common law tort claims based on the plaintiff's failure to comply with § 12-309); *accord Harris v. District of Columbia*, 2010 WL 1009730, at *5 (D.D.C. Mar. 22, 2010); *Cason v. D.C. Dep't of Corr.*, 477 F. Supp. 2d 141, 145-46 (D.D.C. 2007).  In this case, the plaintiff's proposed amended complaint and the briefing submitted in connection with his motion for leave to amend left no doubt that the plaintiff's proposed whistleblower and IIED claims had no possibility of success because the plaintiff had failed to satisfy the notice requirements of § 12-309.  *See* Mem. Op. (Aug. 21, 2009) at 6-8.  Accordingly, the court finds no reason to revisit its denial of the plaintiff's motion for leave to supplement his complaint with claims under the D.C. Whistleblower Act and for IIED.

---

[2]   The plaintiff also makes reference to the "relation back" doctrine applicable in the statute of limitations context as a grounds for reversing the court's prior ruling on his whistleblower and IIED claims.  *See* Pl.'s Mot. at 3-4.  The court has, however, been unable to decipher from the plaintiff's opaque discussion what significance the doctrine has here.  *See District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995) (noting that § 12-309 "is not, and does not function as, a statute of limitations").  Insofar as the plaintiff means to suggest that the plaintiff's proposed claims somehow "relate back" to the October 2008 letter sent to Mayor Fenty for purposes of § 12-309, the court has already squarely rejected this contention.  *See* Mem. Op. (Aug. 21, 2009) at 8.  Accordingly, the plaintiff's invocation of the "relation back" doctrine does not justify relief upon reconsideration of the court's prior ruling on his proposed whistleblower and IIED claims.

### C.  The Proposed Breach of Contract Claims

The plaintiff contends that the court erred when it concluded that the plaintiff's proposed contract claims were coextensive with his retaliation claims.  Pl.'s Mot. at 6-10.  In response, the defendant maintains that the court properly dismissed the plaintiff's breach of contract claims as duplicative of his Title VII retaliation claim.  *See* Def.'s Opp'n at 5-6.

As the court noted in its prior opinion, both of the plaintiff's proposed contract claims are based on the allegation that MPD violated his contractual rights by denying him a promotion in retaliation for his participation in protected EEO activity.  Mem. Op. (Aug. 21, 2009) at 10-11.  The plaintiff has failed to explain how the allegations or legal principles underlying those claims, or the relief available through those claims, differentiates them from his Title VII claim.  *See* Pl.'s Mot. at 6-10.  Although the plaintiff states repeatedly that he has a "protected property interest" in his promotion, he does not explain how this fact distinguishes his breach of contract claims from his retaliation claim.  *See id.*  Because the plaintiff has failed to explain how his contract claims are not coextensive with his retaliation claim, the court denies the plaintiff's motion for leave to supplement his complaint with these duplicative breach of contract claims.

### D.  The Plaintiff's Title VII Claim

As previously noted, the court dismissed the Title VII claim in the plaintiff's original complaint on res judicata grounds, and denied the plaintiff's motion for leave to supplement that claim, because the plaintiff had filed an identical complaint that had already been dismissed by Judge Leon.  *See* Mem. Op. (Aug. 21, 2009) at 11-14.  Judge Leon had concluded that the plaintiff had failed to exhaust his administrative remedies because he had failed to obtain a proper right to sue letter before commencing that action.  *See McGee*, 2006 WL 2598264, at *1-2.

The plaintiff asks the court to reinstate his Title VII claims, arguing that the Department of Justice ("DOJ") issued him a right to sue letter in February 2006, approximately two months before he commenced the action before Judge Leon, and that the DOJ issued him a second right to sue letter in October 2007, two months before he commenced this action. *See* Pl.'s Mot. at 2, 5-6 & Exs. 1-3. Thus, the plaintiff argues, the dismissal of his Title VII claim was unfounded.

The plaintiff's argument lacks merit. In dismissing the plaintiff's first complaint, Judge Leon expressly rejected the plaintiff's reliance on the DOJ's February 2006 letter, concluding that the plaintiff had prematurely requested that letter and that, at any rate, the DOJ lacked the authority to issue a right to sue letter to the plaintiff. *See McGee*, 2006 WL 2598264, at *2. With respect to the latter conclusion, Judge Leon determined that the DOJ lacked the authority to issue the right to sue letter because there was no indication that the EEOC had made a probable cause finding.[3] *Id.* (citing *Dougherty v. Barry*, 869 F.2d 605, 612 (D.C. Cir. 1989)).[4]

Rather than appealing Judge Leon's ruling, the plaintiff obtained a second right to sue letter from the DOJ in October 2007[5] and re-filed his complaint (without any indication that he had previously filed an identical action). *See generally* Compl. Like the February 2006 letter, the October 2007 letter from the DOJ contained no indication that the EEOC had made a probable cause determination. *See* Pl.'s Mot., Ex. 2A. Yet the sufficiency of the plaintiff's Title VII claim – and, more specifically, the DOJ's authority to issue a right to sue letter to the

---

[3] Judge Leon rejected the plaintiff's subsequent motion to vacate his order dismissing the complaint. *See McGee v. District of Columbia*, Civ. Action No. 06-0705 (D.D.C. May 11, 2007) (Minute Order).

[4] In *Dougherty v. Barry*, the Circuit stated that the statutory language of Title VII contemplates that "[t]he Attorney General will issue [right to sue] notices only when the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action." 869 F.2d 605, 611-12 (D.C. Cir. 1989).

[5] The DOJ stated that its October 2007 right to sue letter was provided as "a second notice of right to sue," issued because the plaintiff purportedly "did not receive the initial letter dated February 15, 2006." Pl.'s Mot., Exs. 2, 2A.

plaintiff under such circumstances – were matters expressly resolved in Judge Leon's ruling.  *See McGee*, 2006 WL 2598264, at *2.  Accordingly, the February 2006 and October 2007 letters from the DOJ on which the plaintiff bases this motion do not undermine the court's prior conclusion that Judge Leon's order dismissing the plaintiff's Title VII claim was entitled to res judicata effect.

The plaintiff was plainly dissatisfied with Judge Leon's ruling.  Whatever the merits of his grievance, that dissatisfaction did not entitle him to forego the appeals process and re-file a complaint identical to the one previously resolved by Judge Leon with the hope that a second judge, unaware of the prior ruling, would reach a different conclusion.   Accordingly, the court declines to alter or amend its prior ruling with respect to the plaintiff's Title VII claim.

## IV.  CONCLUSION

For the foregoing reason, the court denies the plaintiff's motion for relief upon reconsideration.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of July, 2010.

RICARDO M. URBINA
United States District Judge